certain goods shipped by plaintiffs were delivered and that within four months thereafter about a certain date plaintiffs wrote defendant carrier's claim agent stating the circumstances of a loss of goods and making claim therefor, from which plaintiffs never directly heard, to which evidence no objection was made or rebuttal offered, constituted prima facie proof of compliance with a provision of the bill of lading under which the goods were shipped that claims for loss must be presented within four months after delivery, in an action to recover for a loss, wherein the defense set up was noncompliance with such provision.

2. APPEAL AND ERROR, § 365*—*what questions cannot first be raised on appeal.* Whether the provision in a bill of lading for its surrender is for the benefit of the carrier only, and whether such provision was waived by reason of certain facts were questions which could not be raised for the first time on appeal, in an action to recover for loss of goods shipped.

## McCormick Theological Seminary, Appellee, v. E. F. Thompson, Appellant.

### Gen. No. 22,947.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOSEPH SABATH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed December 21, 1917.

### Statement of the Case.

Action by McCormick Theological Seminary, a corporation, plaintiff, against E. F. Thompson, defendant, for rent. From an order denying defendant's motion to vacate the judgment rendered against him, defendant appeals.

THOMPSON, MOORE & CLARK, for appellant.

MATHER & HUTSON, for appellee; CLAUDE R. CHURCH, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Presiding Justice Barnes delivered the opinion of the court.

## Abstract of the Decision.

Estoppel, § 6*—*when defendant is estopped by record from claiming that no order placing cause on short cause calendar was entered.* Where a record recited that a cause came on for trial before a jury in regular course, defendant being absent and not represented, and that it was placed on the short cause calendar on a certain date, on which date his attorney was notified to appear, *held* that such record imported verity and that defendant could not be heard to say as against it that no order placing the cause on the short cause calendar was entered, in a petition to vacate the judgment entered on the trial in the absence of defendant's attorney, irrespective of the question whether the petition stated a good cause of defense.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.